NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SARITA K. NUNNALLY, | No. 21-35177 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-05809-TLF |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Theresa Lauren Fricke, Magistrate Judge, Presiding

Submitted April 11, 2022**
Seattle, Washington

Before: BOGGS,*** HURWITZ, and KOH, Circuit Judges.

Sarita K. Nunnally appeals the district court's affirmance of the final

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

decision of the Commissioner of Social Security Administration, which denied Nunnally's application for Social Security and Supplemental Security Income under the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's decision de novo. *See Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th Cir. 2021). We will reverse only if the administrative law judge ("ALJ") did not support her decision with substantial evidence or applied the wrong legal standard. *Id.* For the following reasons, we affirm.

1.      Generally, a treating physician's opinion is entitled to substantial weight. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). Nevertheless, an ALJ may assign less weight to that opinion "'if the treating doctor's opinion is contradicted by another doctor,'" and if the ALJ can provide "'specific and legitimate reasons' that are supported by substantial evidence in the record." *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)). ALJs may also assign less weight to a treating physician's opinion that is brief, conclusory, and inadequately supported by clinical findings. *Id.*

Nunnally argues that the ALJ erred by not properly evaluating the medical opinions of eight medical doctors who examined her or reviewed her medical record. Because the ALJ provided specific and legitimate reasons supported by substantial evidence in the record for the assigned weights of the medical opinions, we find no error.

2

a. The ALJ legitimately gave the medical opinions of Dr. McCollom, Dr. Wingate, Dr. Neims, and Dr. Zolnikov little or very little weight because Nunnally was not taking her prescribed medication at the time of these evaluations. *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017).

b. The ALJ legitimately gave Dr. Karuna's opinion only some weight because the opinion was contradicted by Nunnally's own testimony about her activities and by medical test results. *See Berry v. Astrue*, 622 F.3d 1228, 1234–35 (9th Cir. 2010).

c. The ALJ legitimately gave Dr. Borisovskaya's opinion little weight because it was based solely on Nunnally's self-reported symptoms. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

d. The ALJ properly gave two doctors' opinions more weight than Nunnally believed the opinions merited after providing specific, legitimate reasons supported by substantial evidence in the record. The ALJ gave Dr. Bunnell's medical opinion some weight because it was consistent with test results, but noted that it was based on only one examination. The ALJ gave Dr. DeBolt's medical opinion significant weight because it was consistent with the medical evidence in the record at the time of the opinion. *See* 20 C.F.R. § 404.1527(c)(4).

2. Nunnally argues that the ALJ erred by not properly evaluating the nonmedical opinions of (1) her counselors, Ms. Williams and Mr. Lewis, (2) her

3

nurse, Ms. Lagdan, and (3) her occupational therapist, Ms. Tollan. Nunnally argues that this caused the ALJ to err in determining Nunnally's residual functional capacity. An ALJ may disregard nonmedical source testimony if the ALJ gives "reasons germane to each witness for doing so." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (quoting *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)).

In this case, the ALJ provided germane reasons for assigning the nonmedical opinions little or very little weight. The ALJ gave the opinion of Ms. Williams and Mr. Lewis little weight because the activities in which Nunnally engaged contradicted their report. The ALJ gave Ms. Lagdan's opinion little weight because Nunnally received a contradicting medical report soon after Ms. Lagdan's evaluation. The ALJ gave Ms. Tollan's opinion very little weight because Ms. Tollan suspected that Nunnally did not put full effort into at least one portion of her physical evaluation.

3. Nunnally argues that the ALJ erred by not properly crediting the testimony of her mother and daughter and that this improper weighing caused the ALJ to err in determining Nunnally's residual functional capacity.

Nunnally's mother and daughter are "nonmedical sources." *See* 20 C.F.R. § 404.1513 (describing "nonmedical sources"). An ALJ may disregard nonmedical source testimony by giving "reasons germane to each witness for

4

doing so." *Turner*, 613 F.3d at 1224 (quoting *Lewis*, 236 F.3d at 511).

The ALJ legitimately did not fully credit Nunnally's mother's testimony because the record showed that Nunnally's mother did not spend enough time with Nunnally to comment on her daily activities. The ALJ did not err when analyzing Nunnally's daughter's testimony because the ALJ's findings regarding Nunnally's ability to work were fully consistent with the daughter's testimony.

4.     Nunnally argues that the ALJ erred in weighing her own testimony. She argues that this improper weighing caused the ALJ to err in determining her residual functional capacity. An ALJ can "reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) (citation omitted).

The ALJ offered clear and convincing reasons for rejecting Nunnally's testimony. Specifically, the ALJ found that many of Nunnally's symptoms were well managed when she was taking medication, that she was able to do a wide variety of physical activities despite her physical impairments, and that she was able to interact with others on a limited basis despite her mental impairments. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (stating that an ALJ may discount claimant testimony if it is inconsistent with the medical record).

5.      Finally, Nunnally argues that the testifying vocational expert responded to questions based upon the ALJ's allegedly erroneous residual functional capacity finding.  Because we find that the ALJ's residual functional capacity finding was based on substantial evidence, this argument fails.

**AFFIRMED.**